FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 08 2006

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| Mary Koch, on behalf of herself and all others similarly situated, ) ) ) | CV4 - 06 - CV - 000660 BRW |
| PLAINTIFF, ) | CLASS ACTION COMPLAINT |
| v. ) ) | This case assigned to District Judge Wilson and to Magistrate Judge Jones |
| COMPUCREDIT CORPORATION, ) JEFFERSON  CAPITAL, LLC, ) and J.A. CAMBECE LAW OFFICE, P.C. ) | |
| ) DEFENDANTS. ) ) | JURY TRIAL DEMANDED |

Comes now Plaintiff, Mary Koch ("Plaintiff"), on behalf of herself and all others similarly

situated, by and through her undersigned counsel, and for her Complaint against Compucredit

Corporation, Jefferson Capital, LLC, and J.A. Cambece Law office, P.C. ("Defendants"), states and

alleges as follows:

## NATURE OF THE ACTION

1.      This is a class action brought on behalf of individuals to secure redress from unlawful

credit and collection practices engaged in by Defendants in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and state consumer protection statutes, including

the Arkansas Deceptive Trade Practices Act ("ADTPA").

## JURISDICTION AND VENUE

2.      This class action is brought pursuant to the provisions of the FDCPA.  The Plaintiff

is a citizen of the State of Arkansas.  Defendants are citizens of the States of Georgia and

Massachusetts. This Court, therefore, has jurisdiction over this action pursuant to 28 U.S.C. §1332.

3.      Jurisdiction is also proper as Defendants operate, conduct, engage in, or carry on a

business or business venture in the State of Arkansas, and therefore have debts owing to it in the

state.

4.      Further, venue is proper in this district because: (a) Defendants transact business, or have agents who are found or transact business in this county; (b) Defendants committed unlawful actions in this district; (c) Defendants market and sell their services in this district; and (d) the events complained of arose in this district.

5.      By virtue of its own business activities and those of its subsidiaries and other related entities, Defendants are subject to the personal jurisdiction of this Court.

## PARTIES

6.      Plaintiff is, and at all times mentioned herein was, a resident of Pulaski County, Arkansas.

7.      Defendant Compucredit Corporation. ("Compucredit") is a publicly traded company whose business is divided into four (4) segments: *Credit Cards Segment* - CompuCredit is principally a provider of credit and related financial services and products to, or associated with, the underserved, or sub-prime, consumer credit market, as well as to "un-banked" consumers; *Investments in Previously Charged off Receivables* - Operated through Defendant Jefferson Capital Systems, LLC, it pursues acquisitions of previously charged off credit card receivables - both from the securitization trusts that it services and from others; *Retail Micro-Lending and Servicing Segment.* - Operates sub-prime lenders with over 300 retail storefronts operating under names including First American Cash Advance and First Southern Cash Advance (collectively "First American"). Through these storefronts, their subsidiaries market, originate and/or service small-balance, short-term loans (generally less than $500 for less than 30 days); *Other Segment* - Through this business segment, the Company offers micro-loans through a variety of additional channels,

2

including direct marketing, telemarketing and the Internet. Compucredit is a corporation incorporated in the State of Georgia with its principal place of business located at 245 Perimeter Center Parkway, Suite 600, Atlanta, Georgia.

8.      As set forth in the preceding paragraph, Defendant Jefferson Capital Systems LLC ("Jefferson Capital"), a subsidiary of Compucredit, purportedly pursues acquisitions of previously charged-off credit card receivables. Jefferson Capital is a limited liability company organized in the State of Georgia.

9.      Defendant J.A. Cambece Law Office ("Cambece Law Office") is a professional corporation incorporated in the State of Massachusetts, with its principal place of business located at 8 Bourbon Street, Peabody, Massachusetts.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff restates and realleges all paragraphs of the Complaint.

11.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All Individuals receiving collection letters or other communications from or on behalf of Defendants seeking to recover previously satisfied debts.

12.     Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class. The interests of the Plaintiff are coincident with, and not antagonist to, those of other members of the Class. Plaintiff has retained attorneys who are experienced in Class Action litigation.

13.     Class members are widely dispersed throughout the country. While the exact number and identity of Class members is unknown to Plaintiff at this time, and can only be ascertained

3

through appropriate discovery, Plaintiff believes that there are potentially thousands of members of the proposed Class. The names and addresses of Class members can be readily ascertained by Defendants' business records.

14.     Members of the Class are so numerous that joinder of all members is impractical.

15.     Common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

(a)     Whether Defendants actions were misleading, deceptive, fraudulent and/or unconscionable;

(b)     Whether Defendants violated the FDCPA, state consumer protection laws, and/or committed the tort of common law fraud;

(c)     Whether members of the Class are entitled to recover damages as a result of the actions of Defendants.

16.     The prosecution of separate actions by individual members of the Class would create a risk of:

(a)     Inconsistent or varying adjudications with respect to individual members of the Class; and

(b)     Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

17.     A class action is superior to other means for the fair and efficient adjudication of this controversy. The damages suffered by individual Class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address

Defendants' conduct. Further, it would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them individually. Even if Class members themselves could afford such individual litigation, the court system could not, given the size of the Class. In addition, individualized litigation increases the delay and expense to all parties and to the court system. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Indeed, Congress expressed its support for class wide relief through the terms of the FDCPA, principally 15 U.S.C. § 1692k(a)(2)(B) and (b)(2).

## SUBSTANTIVE ALLEGATIONS

18.     On or about January 10, 2003, Ms. Koch entered into an agreement with First North American National Bank of Richmond, Virginia settling her credit card account balance. Pursuant to the terms of this agreement, Ms. Koch forwarded payment no later than January 20, 2003, to First North American National Bank, thereby formally and finally satisfying all remaining obligations.

19.     Approximately two (2) years later, on or about December 9, 2005, Ms. Koch received a collection notice from Cambece Law Office on behalf of Jefferson Capital, demanding payment of $284.68 on the previously satisfied debt identified in the preceding paragraph. The collection notice provided that the original creditor was First North American National Bank.

20.     Counsel for Ms. Koch contacted the Cambece Law Office by telephone on at least four (4) occasions to contest the legitimacy of the debt. During the course of these conversations, Edward Jeffreys, an employee of the Cambece Law Office, affirmatively purported to be a licensed

attorney. Mr. Jeffreys is not a licensed attorney.

21. Moreover, during these conversations, Mr. Jeffreys admitted that the claims the Cabece Law Office was pursuing on behalf of Jefferson Capital were previously settled, invalid claims.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Paragraphs 1 through 21 above are incorporated herein.

23. Defendants' actions violated the Fair Debt Collection Practices Act.

24. As a result of Defendants' violations of the FDCPA, Plaintiff and members of the Class have suffered actual damages for which Defendants are liable.

## COUNT TWO - DECEPTIVE TRADE PRACTICES
## VIOLATION OF Ark. Code Ann. § 4-88-101 *et. seq.* AND OTHER SIMILAR STATE STATUTES PROHIBITING UNFAIR AND DECEPTIVE ACTS OR PRACTICES

25. Plaintiff repeats and realleges all paragraphs of the Complaint.

26. Defendants' actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-107(a)(10) and 4-88-108 and other similar state statutes in that Defendants knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

27. The conduct described above constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq.* and other similar state statutes prohibiting unfair and deceptive acts and practices. Other similar statutes include:

Alaska:             Alaska Stat. §45-50-471, *et seq.*

Arizona:            Ariz. Rev. Stat. §44-1521

California:         Cal. Civ. Code §§1780 - 1784, Business and Profession Code

§17200, *et seq.*, §17581, *et seq.*

| | |
|---|---|
| Connecticut: | Conn. Gen. Stat. Ann. §§42-110a - 42-110g |
| Colorado: | Col. Rev. Stat. §§6-1-101 - 6-1-115 |
| Delaware: | 6 Del. Code Ann. §§2511 - 2537 |
| District of Columbia: | D.C. Code Ann. §§§28-3801 - 28-3819 |
| Florida: | Fla. Stat. Ann. §§501.201 - 501.213 |
| Hawaii: | Hawaii Rev. L. §§480-1 - 480-24 |
| Idaho: | Idaho Code §§48-601 - 48-619 |
| Illinois: | 815 ILCS 505/1 to 505/12 |
| Indiana: | Ind. Code §24-5-0.5-3(a)(1), (2), or 24-5-0.5-1, *et seq.* |
| Kansas: | Kan. Gen.Stat. Ann. §§50-623 - 50-644 |
| Kentucky: | Ky. Rev. Stat. Ann. §§367.110  - 367.990 |
| Maine: | Me. Rev. Stat. Ann. tit. 5§ 205A, *et seq.* |
| Maryland: | Md. Code Ann. §13-101 to 13-501 |
| Massachusetts: | Mass. Gen. L. Ann. Ch. 93A. §§1 - 11 |
| Michigan: | Mich. Stat. Ann. §§445.901 to 445.922 |
| Minnesota: | Minn. Stat. Ann. §§325D.43, *et seq.* |
| Missouri: | Mo. Ann. Stat. §§407.010 - 407.701 |
| Nebraska: | Neb. Rev. Code §§97-301, *et seq.* |
| Nevada: | Nev. Rev. Stat. §§598.0903, *et seq.* |
| New Hampshire: | N.H. Rev. Stat. Ann. §358-A:1, *et seq.* |
| New Jersey: | N.J. Stat. Ann. §§56:8-1 - 56:8-24 |

| | |
|---|---|
| New Mexico: | N.M. Stat. Ann. §57-12-1, *et seq.* |
| New York: | N.Y. Gen. Bus. L. §§349 - 350 |
| North Carolina: | N.C. Gen. Stat. §§75-1  - 75-35 |
| North Dakota: | N.D. Cent. Code §51-15-01, *et seq.* |
| Ohio: | Ohio Rev. Code Ann. §1345, *et seq.* |
| Oklahoma: | Okla. Stat. Tit. 15 §753 to 763 |
| Oregon: | Ore. Rev. Stat. §§646.605 - 646.656 |
| Pennsylvania: | 73 Pa. Stat. §201, *et seq.* |
| Rhode Island: | R.I. Rev. L. Ann. §§6-13.1-1 - 6-13.1-11 |
| South Dakota: | S.D. Comp. L. §§37-24-1 - 37-24-35 |
| Tennessee: | Tenn. Code Ann. §47-18-101, *et seq.* |
| Texas: | Tex. Rev. Civ. Stat. §§17.41  - 17.63 |
| Utah: | Utah Code Ann. §13-11-1, *et seq.* |
| Vermont: | Vt. Stat. Ann. tit. 9 §§ 2451, *et seq.* |
| Washington | RCW §19-86-010, *et seq.* |
| West Virginia: | W. Va. Code Ann. §46A-6-101, *et seq.* |
| Wisconsin: | Wis. Stat. Ann. §100.18 |
| Wyoming | Wyo. Stat. §40-12-101, *et seq.* |

28.     As a result of Defendants' violations of the Arkansas Deceptive Trade Practices Act and other similar state statutes prohibiting unfair and deceptive acts and practices, Plaintiff and members of the Class have suffered actual damages for which Defendants are liable.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court certify this matter as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as class representative; enter judgment against the Defendant in favor of Plaintiff and the Class members as alleged in this Complaint, including awards of actual, compensatory, and punitive damages, court costs, attorneys' fees and to all other relief the Court deems proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: June 7, 2006                                        Respectfully submitted,

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
J. Allen Carney (Ark. Bar No. 94122)
T. Brent Walker (Ark. Bar No. 2002152)
11311 Arcade Dr., Suite 200
Little Rock, AR 72211
Phone: (501) 312-8500
Fax: (501) 312-8505