IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY KOCH, on behalf of herself
and all others similarly situated                                                    PLAINTIFF

VS.                                    4:06CV00660-WRW

COMPUCREDIT CORPORATION,
JEFFERSON CAPITAL, LLC, and
J.A. CAMBECE LAW OFFICE, P.C.                                                         DEFENDANTS

ORDER

Pending is Defendants Compucredit Corporation ("Compucredit") and Jefferson Capital, LLC's ("Jefferson") Motion to Dismiss for Improper Venue or to Compel Arbitration, or in the Alternative, to Dismiss for Failure to State a Claim.[1] Plaintiff responded,[2] and Defendants replied.[3]

**I. Background**

This is a class action brought under the Fair Debt Collection Practice Act,("FDCPA"),[4] and the Arkansas Deceptive Trade Practices Act ("ADTPA").[5] This action involves a Visa credit card issued to Plaintiff in 2000, by First North American National Bank ("FNB"). Plaintiff alleges that she settled her credit card balance with FNB in 2003 but two years later, Defendants Compucredit and Jefferson demanded payment for the debt that was already paid. Plaintiff

---

[1] Doc. No. 15.

[2] Doc. No. 21.

[3] Doc. No. 22.

[4] 15 U.S.C. § §1692-1693r (1998).

[5] Ark. Code Ann. §§ 4-88-101-115 (West 1987, Repl. 2001).

1

contends that Defendants violated the FDCPA and the ADTPA by misrepresenting that she still owed the money, implying that her debt defenses were lost, and representing that the file had been reviewed by an attorney.

Defendants contend that this claim is subject to arbitration clause and choice of venue clauses contained in the credit agreement signed by Plaintiff and FNB. Under these clauses, proper venue is in Georgia, and Georgia common-law should be applied. Defendants also assert that Plaintiff should be compelled to arbitrate this dispute under the Federal Arbitration Act ("FAA").[6]

Alternatively, Defendants argue that Plaintiff has failed to state a claim under the FDCPA for the following reasons: (1) they are not liable under the FDCPA -- because the alleged misrepresentations were made to Plaintiff's lawyer; (2) Compucredit is a parent company of Jefferson, and is not liable under the FDCPA or the ADTPA for the actions of its subsidiary; (3) since Plaintiff fails to state a claim for a federal question action, there are no grounds for subject-matter jurisdiction of Plaintiff's state-law claims.

## II. Standard of Review

When ruling on a motion to dismiss, a court assumes all factual allegations of the complaint are true, and draws all reasonable inferences from those facts.[7] In considering a

---

[6] 9 U.S.C. § 2.

[7] *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).

motion to dismiss, the complaint must be liberally construed in the light most favorable to the plaintiff.[8]

## III. Authority

### A. The Federal Arbitration Act

The FAA was created to establish "a liberal federal policy favoring arbitration agreements."[9] In the Eighth Circuit, arbitration is required if a valid agreement exists and the dispute falls within the scope of the agreement.[10] The FAA mandates that courts "shall direct parties to arbitration on issues to which a valid arbitration agreement has been signed."[11]

Whether an arbitration agreement has been entered into is a question of law, controlled by the applicable state contract law.[12] Arkansas is the forum state because the alleged agreement took place here, and its law is applicable.[13]

The essential elements of a contract in Arkansas are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations.[14] Arkansas

---

[8] *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1059 (8th Cir. 2003) (internal citations omitted).

[9] *Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, 223 F.3d 721, 724 (8th Cir. 2003) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

[10] *Casteel v. Clear Channel Broadcasting, Inc.*, 254 F. Supp. 2d 1081, 1087 (W.D. Ark. 2003) (quoting *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)).

[11] *Id*. (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[12] *Id*.

[13] *Id*. at 1088.

[14] *Id*. (citing *Williamson v. Sanofi Winthrop Pharm., Inc.*, 347 Ark. 89 (2001)).

also recognizes that valid contracts can be rescinded.  Rights acquired under a contract may be abandoned or relinquished by agreement, or by the conduct of the parties.[15]

**B.  Assignment**

An assignment is generally interpreted or construed under the rules governing construction of contracts, with the primary object always being to ascertain and carry out the intention of the parties.[16]  In Arkansas, the elements of an effective assignment are delivery of the subject matter with intent to make an immediate and complete transfer of all right, title, and interest from the assignor to the assignee.[17]

An assignment of contract rights is determined by studying the intent of the parties -- the assignor must intend to transfer a *present* interest in the *subject matter* of the contract.[18]  The subject matter of an assignment of property must be described sufficiently to make it capable of being readily identified.[19]  When the subject matter of the contract is a debt, the debtor has the right to deal with the original creditor until he has actual notice of an assignment.[20]  An assignor can assign what he has, and the assignee's right is subject to limitations imposed by the terms of

---

[15]*Hicks v. Woodruff*, 238 Ark. 481, 482 (1964).

[16]*Northwest Nat. Bank v. Merrill Lynch*, 25 Ark. App. 279, 283 (1988) (citing *Turner v. Rust*, 228 Ark. 528 (1958)).

[17]*Keller v. Bass Pro Shops, Inc.*, 15 F.3d 122, 125 (8th Cir. 1994) (citing *Turner v. Rust*, 228 Ark. 528 (1958); *Jones v. Innkeepers, Inc.*, 12 Ark. App. 364(1984)).

[18]*Beal Bank, S.S.B. v. Thornton,* 70 Ark. App. 336, 340 (2000) (emphasis added).

[19]*K. Woodmere Associates, L.P. v. Menk Corp.*, 720 A.2d 386 (N. J. App. Div. 1998).

[20]*Elledge v. Aetna Life Ins. Co.*, 241 Ark. 106 (1966).

that contract and to defenses which would have been available against the obligee had there been no assignment.[21]

### C. The Fair Debt Collection Practice Act

The FDCPA permits consumers who are victims of unfair practices by third-party debt collectors to recover damages, attorney fees, and costs.[22] The purpose of the FDCPA is "to eliminate abusive debt collection practices" and "to insure that those debt collectors who refrain from using [such] practices are not competitively disadvantaged."[23] A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[24] Individuals who do not otherwise meet the statutory definition of "debt collector" cannot be held liable under the FDCPA.[25]

A debt collector is prohibited from using false, deceptive, or misleading representations or means to collect debts.[26] This includes misrepresenting the debt amount.[27] The FDCPA regulates communication between debt collectors and consumers. In a recent decision, the

---

[21] *Am. Trans. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28 (2003).

[22] 15 U.S.C. § 1692k(a).

[23] 15 U.S.C. § 1692(e).

[24] 15 U.S.C. § 1692a(6).

[25] *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000).

[26] 15 U.S.C. § 1692e.

[27] 15 U.S.C. § 1692e(2)(A).

5

Eighth Circuit Court of Appeals considered whether the term "consumer" includes a consumer's lawyer.

In *Richmond v. Higgins*,[28] the court pointed out that "several district courts have held that the FDCPA does not apply to communications with the debtor's attorney."[29] However, the court was reluctant to adopt this rule and found that while some provisions of the FDCPA specifically applied to "consumers," other sections applied to "any person." The court declined to decide the issue: "[b]ecause we affirm on an alternative basis, we find it unnecessary to decide whether the FDCPA would apply to communications with a debtor's attorney at this time."[30]

**III. Discussion**

The complaint alleges that Plaintiff and the FNB settled her debt two years before Jefferson acquired any rights to her account.[31] Under the standard of review for a Motion to Dismiss, Plaintiff's allegations are assumed to be true -- unless Defendants offer evidence to the contrary.[32] In its motion to dismiss, Defendants failed to offer evidence of a valid assignment other than the bare allegations of Jefferson's agent.[33]

---

[28]*Richmond v. Higgins*, 435 F.3d 825 (8th Cir. 2006).

[29]*Id.*

[30]*Id.* at 828.

[31]Doc. No. 1, ¶ 18 (stating that in January 2003 Plaintiff entered into an agreement with FNB settling her credit card account balance); *see also* Doc. No. 6 (Andrew Carlson, a manager for Jefferson states that it acquired all rights to Plaintiff's FNB account).

[32]*Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256, 259 (8th Cir. 1974) (holding that if the complaint's allegations are contradicted by affidavits, then those allegations are no longer good enough).

[33]Doc. No. 6.

As stated, a valid assignment occurs when the assignor intends to transfer a present interest in the subject matter of the contract.[34] In this case, the subject matter of the contract was Plaintiff's debt. Plaintiff's allegations, which have not been contradicted, establish that her original contract with FNB was settled, and therefore, relinquished by agreement.[35] So, when the assignment took place, FNB had no right under a rescinded contract, and no interest to assign.

In view of this, I find that no valid assignment took place because there was no existing right to assign. Since the arbitration, venue, and choice of law provisions were part of the original contract, these terms were rescinded and don't apply to this action. Jurisdiction and venue are proper, and Arkansas law applies.

Plaintiff has also alleged sufficient facts to state a cause of action under the FDCPA. According to the complaint, the Defendants contacted Plaintiff and misrepresented the validity of the debt and implied that an attorney reviewed her account. Taking Plaintiff's allegations as true, agents of the Defendants told Plaintiff that she owed a debt that was not owed. So, they misrepresented the debt amount, and made misleading statements about a lawyer's involvement. This conduct is expressly prohibited by the FDCPA.[36]

Defendants argue that since the alleged communications were made to Plaintiff's lawyer, the FDCPA does not apply. I disagree. First, the Eighth Circuit declined to adopt this narrow

---

[34] *Thornton,* 70 Ark. App. at 340.

[35] *Hicks*, 238 Ark. at 482 (1964).

[36] 15 U.S.C. § 1692e(2)(A); *Richmond*, 435 F.3d at 828.

application of the FDCPA.[37] Second, the lawyer who spoke to Defendants' agent was Plaintiff's husband. Under the FDCPA, a spouse is specifically included in the definition of consumer.[38]

Defendants next argue that Plaintiff does not state a cause of action against separate Defendant Compucredit because it is the parent-company of Jefferson. Defendants rely on holdings from the Seventh Circuit Court of Appeals that stock owners of debt collection companies are not liable under the FDCPA unless facts are alleged that pierce the corporate veil.[39] However, Defendants ignore other language in the *Pettit* opinion limiting this holding to stock owners who do not otherwise meet the statutory definition of "debt collector" under the FDCPA.[40]

When considering a motion to dismiss, Plaintiff's allegations must be liberally construed.[41] Under this standard, Plaintiff alleged sufficient facts that Compucredit is a "debt collector" as defined by the FDCPA. Because I have subject-matter jurisdiction of Plaintiff's FDCPA claim under federal question jurisdiction, I also have supplemental jurisdiction over Plaintiff's state law claim.[42]

## IV. Conclusion

---

[37]*Richmond*, 435 F.3d at 828.

[38]15 U.S.C. § 1692c(d); *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003).

[39]*Pettit*, 211 F.3d at 1059; *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000).

[40]*Id.*

[41]*Holden Farms*, 347 F.3d at 1059.

[42]*Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006).

Based on the above, Defendant's Motion to Dismiss for Improper Venue or to Stay or Compel Arbitration, or, in the Alternative to Dismiss for Failure to State a Claim is DENIED.

IT IS SO ORDERED this 29th day of March 2007.

/s /Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE