IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARY KOCH, on behalf of herself**
**and all others similarly situated**                                              **PLAINTIFF**

**VS.**                                        **4:06CV00660-WRW**

**COMPUCREDIT CORPORATION,**
**JEFFERSON CAPITAL, LLC, and**
**J. A. CAMBECE LAW OFFICE, P.C.**                                      **DEFENDANTS**

## ORDER

Pending are Defendants' Motions for a Stay,[1] and to Extend Time for Rule 26 Deadlines.[2] Plaintiff has responded.[3]

Defendants filed an interlocutory appeal challenging the March 29, 2007 Order[4] that denied Defendants' Motion to Dismiss and to Compel Arbitration.[5] Defendants ask that all further proceedings be stayed until the arbitration issue is resolved by the Eighth Circuit Court of Appeals. Plaintiff argues that discovery should go forward during the pendency of this appeal.

In support of the motions, Defendants cite a recent decision from this District, *Enderlin v. XM Satellite Radio Holding, et al.*[6] Plaintiff argues that the *Enderlin* decision is inconsistent with the Supreme Court's holding in *Moses H. Cone Memorial Hospital v. Mercury*

---

[1] Doc. Nos. 34, 42.

[2] Doc. No. 45.

[3] Doc. Nos. 36, 44.

[4] Doc. No. 29.

[5] Doc. No. 15.

[6] No. 4:06CV0032-GTE (E.D. Ark. filed Oct. 24, 2006).

*Construction*,[7] and asserts that an interlocutory appeal does not divest a district court of jurisdiction. Plaintiff further maintains that the arbitration issue can be severed from the underlying claims so that the district court can continue to exercise authority over the case.

I agree with the *Enderlin* ruling that an interlocutory appeal divests the district court of jurisdiction.[8] In this ruling, the court explained that the divestiture rule serves two important interests: (1) it promotes judicial economy when it "'spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals'"; and (2) it promotes fairness to the parties by preventing a "'two front war.'"[9]

The motion to stay in the *Enderlin* case was granted so the court "could control its docket, conserve judicial resources and provide for a just determination."[10] For the same reasons, Defendants' Motions (Doc. Nos. 34, 42, 45) to Stay and to Extend Deadlines are GRANTED.

IT IS SO ORDERED this 19th day of June 2006.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]460 U.S. 1 (1983).

[8]*Enderlin v. XM Satellite Radio Holdings, et al.*, No. 4:06CV0032 at 4.

[9]*Id.* (quoting *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989).

[10]*Id.* at 5.